## AGNEW ET AL. *v.* AGNEW.

[No. 5,633. Filed May 11, 1906.]

BILLS AND NOTES.—*Extension of Time of Maturity.—Consideration.—Trusts.*—Where the maker of a note drawing eight per cent interest until paid, four days before maturity, assigned his interest in certain trust funds to secure the payment of the principal of such note with interest at seven per cent, authorizing the trustee to pay such note "if the same shall not be paid before a final distribution" of such funds, the payee is entitled before the distribution of such funds to a personal judgment for such principal and eight per cent interest and to a lien on such trust funds for such principal and seven per cent interest, which lien is enforceable at the distribution of such funds, no consideration being shown for the reduction of the rate of interest and no agreement appearing for any definite extension of the time for the payment of such note.

From Pulaski Circuit Court; *T. F. Palmer,* Special Judge.

Suit by Emily Agnew against Joseph B. Agnew and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*Henry A. Steis,* for appellants.

*Burson & Burson,* for appellee.

ROBINSON, J.—Suit by appellee upon a promissory note and to have a lien declared against certain trust funds.

The facts found by the court are in substance as follows: On October 14, 1889, Joseph B. Agnew, Jr., executed to appellee his promissory note for $900, payable five years after date, with eight per cent interest per annum after maturity until paid, and ten per cent attorneys' fees, and at the same time executed as interest notes certain coupon notes, all of which interest notes were paid before the bringing of this action. To secure the payment of the notes Joseph B. Agnew and wife mortgaged to appellee certain lands, which mortgage, on October 15, 1894, was released of record. On December 20, 1887, Joseph B. Agnew, Sr., and wife, parents of appellants Joseph B., Jr., and Daniel Agnew, executed a deed of trust to Daniel Agnew, for the benefit of all their children, to certain lands, and the deed of trust was duly recorded. The deed provided that after the death of the grantors the lands should be sold, and the proceeds of the sale should be divided equally between the beneficiaries, taking into account advancements made to certain of the children, the proceeds of "any of the land sold to be loaned and secured by mortgage, and the interest derived therefrom with all incomes from rents and profits, after the payment of taxes and other expenses, to be paid to the grantors, or used for their exclusive benefit." The trustee accepted the trust and proceeded to carry it into effect. On October 10, 1894, appellant Joseph B. Agnew, Jr., executed to appellee the following:

"In consideration of the release and satisfaction of a mortgage executed by Joseph B. Agnew, Jr., and Allie Agnew, his wife, to Emily Agnew, October 14, 1889, to secure the payment of a $900 note, principal and interest notes, which mortgage appears of record in the recorder's office of Pulaski county, Indiana, in book T, at page 250, I hereby assign to Emily Agnew a sufficient sum of money now due me or which may hereafter be due me from the proceeds of the sale of lands derived from my father and mother to pay said prin-

cipal note and the interest thereon at the rate of seven per cent payable annually, and I hereby authorize Daniel Agnew, trustee for the children of Joseph B. Agnew, Sr., and Louisa M. Agnew, to retain from my share of the money held by him a sufficient sum to pay said note if the same shall not be paid before final distribution of the money held by him for said children."

This assignment was accepted by appellee, whereupon she executed the release of the mortgage. The note of $900 has been retained by appellee since its execution, and is now in her possession. The note is due and unpaid. The trustee has in his hands $1,133.50, as the share of appellant Joseph B. Agnew, Jr. There has been no extension of the time of payment of the note, and no payments have been made thereon.

The court concludes the law to be: "That there is now due the plaintiff from the defendant Joseph B. Agnew, Jr., and that the same is unpaid, for principal and interest, the sum of $1,572, and for attorneys' fees, made by the plaintiff in this behalf, $90, and that said amount, principal, interest, and attorneys' fees—to wit, $1,662—is a lien upon any sum of money that is now due or may hereafter become due said Joseph B. Agnew, Jr., from the proceeds of the sale of lands derived from his father or mother, Joseph B. Agnew, Sr., and Louisa M. Agnew, when the same shall become available, to wit, after the death of said Louisa M. Agnew, provided, the judgment rendered by this court upon these findings and conclusions of law shall not be paid before said funds become available."

The determination of the questions argued by appellants' counsel depends upon the construction to be given the assignment executed by appellant Joseph B. Agnew, Jr., to appellee. It is insisted by counsel that this instrument, executed October 10, 1894, extended the time of payment of the note until the death of the father and mother, who executed the trust deed, at which time a distribution of the proceeds of the land should be made. The assignment was

executed October 10, 1894. The note was due four days thereafter and the interest had been paid up to that date. The note expressly provided that it should draw interest at the rate of eight per cent per annum after maturity until paid. The written assignment furnishes some evidence that the interest on the note from that date should be seven per cent. But the note itself was permitted to stand as originally executed. The note would mature in four days thereafter and the interest had already been paid to maturity. If there was an intention to change the rate of interest the change manifestly was not to be effective at the date of the assignment; that is, it can not be said that the parties intended the note should draw interest at the rate of seven per cent from the date of the assignment, because the interest was already paid to maturity. Neither was the time of payment of the note extended for any particular time, nor for any time. The assignment contemplated that the trustee might hold money belonging to the assignor before the final distribution directed in the deed of trust, in which event the trustee was directed to retain from the assignor's share a sufficient sum to pay the note and seven per cent interest, if the same had not been previously paid, and the court finds as a fact that the trustee had in his hands as such trustee $1,133.50 as the share of the assignor. There was no agreement between the maker and payee of the note to forbear suit on the note for any fixed time, and it was manifestly the intention of the parties to treat the note as an overdue note, which might be paid by the maker at any time before distribution, or at the time of the distribution, but until it was paid the interest of the maker in the trust estate should stand as security for its payment. It is true, appellee released her mortgage security, but in the absence of any showing we can not presume that the new security was any better than the old. It is also true that an agreement to pay interest is a sufficient consideration for the extension of time of payment of a note; but the

note was, without any new agreement, drawing eight per cent interest.

Under the findings appellee was entitled to a judgment on the note with interest at eight per cent. However, she is not entitled to a decree that the judgment for this amount is a lien on the trust funds, for the reason that appellants assigned only so much of the fund in the hands of the trustee as would be sufficient to pay the principal of the note and seven per cent interest thereon. The judgment against appellants for the face of the note with eight per cent interest is right, but the lien on the trust fund should be only for the face of the note and interest thereon at seven per cent per annum from the time of the maturity of the note to the date of the rendition of the judgment.

Judgment reversed, with instructions to restate the conclusion of law.